IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JESSES TURNER                                                           PLAINTIFF

V.                                                                      CIVIL ACTION NO.
                                                                        2:08-CV-49-P-A

GRUMPY, LLC, d/b/a
SAVE-A-LOT 6619, and
CITY OF HERNANDO                                                        DEFENDANTS

## ORDER

The plaintiff Jesse Turner seeks an order quashing the subpoena *duces tecum* issued to his attorney Helen Kelly on the grounds that the information requested is privileged [docket no. 35]. In this case, the plaintiff's claims that he was wrongly arrested and charged with forgery – the criminal case was dismissed with prejudice, and the plaintiff now brings this civil action for malicious prosecution, unconstitutional arrest, violation of his Fourth Amendment right and negligence. *See* Docket no. 9. The defendant Grumpy LLC issued a subpoena *duces tecum* to Helen Kelly, the attorney who represented the plaintiff in the underlying criminal matter, requesting a copy of her file and materials related to the representation of the plaintiff. *See* docket no. 35-2. The plaintiff objects to production of the file on the basis that the information contained therein is privileged and that requiring a privilege log would force Kelly to provide an outline of her file and therefore a clear impression of her strategies, legal theories and other clearly protected attorney work product. Docket no. 35, p. 2. The defendant objects to the assertion of the privilege without a privilege log as it is in contravention of the Federal Rules of Civil Procedure and case law [docket no. 41].

The plaintiff's motion to quash the subpoena *duces tecum* is based on Rule 45(c)(3)(iii) of the Federal Rules of Civil Procedure. Rule 45(d)(2) describes the process for asserting the

privilege, which requires the plaintiff to expressly make the claim and describe the nature of each document withheld. Rule 26(b)(5), which sets out the general provisions governing discovery also makes clear that the withholding party is required to expressly make the claim and describe the nature of the documents and do so in a manner that, without revealing the information itself privileged or protected, will enable the other parties to assess the claim. Finally, Rule 26.1(A)(1)(c) of the Uniform Local Rules of the Northern and Southern Districts of Mississippi provides that any party asserting a privilege is required to submit a privilege log, and failure to do may subject the withholding party to sanctions.

The attorney/client privilege protects only those communications, made in confidence, between an attorney and his client that are relevant to legal advice. *E.g.*, *Dunn v. State Farm Fire & Casualty Company,* 122 F.R.D. 507, 509 (N.D.Miss. 1988). The work product doctrine applies to documents prepared by or for an attorney in anticipation of litigation. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991); *see* Fed.R.Civ.P. 26(b)(3)(A). The work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes and memoranda of witnesses' statements from opposing counsel's inquiries. *Id.* In the Fifth Circuit the doctrine can apply where litigation is not imminent as long as the primary motivating purpose behind the creation of the documents is to aid in possible future litigation. *In re Kaiser Aluminum and Chemical Co.*, 214 F. 3d 586, 593 (Fifth Cir. 2000). Work product protection applicable to earlier cases extends to subsequent cases as long as those cases are related. *Levingston v. Allis-Chalmers Corp.*, 109 F.R.D. 546, 552 (S.D. Miss. 1985).

Blanket assertions of privilege, however, are unacceptable and the court and the other parties must be able to test the merits of the privilege claim. *Liberty Mut. Ins. Co. V. Tedford*,

2

2008 WL 2223283, * 1 (N.D. Miss. 2008), citing *United States v. Davis*, 636 F.2d 1028, 1044, n.20 (5th Cir. 1981). The party asserting the privilege must provide sufficient information within the log so that the requesting party can determine if the log entry satisfies *each element* of the asserted privilege. *Id.,* citing *United Investors Life Ins. Co. v. Nationwide Life Ins. Co. Et al*, 233 F.R.D. 483, 485 (N.D.Miss. 2006) (emphasis in the original). Any lesser description fails to comply with the requirements of Rule 26. *Id.*

While Attorney Kelly's file most likely contains certain documents that may be protected under the attorney/client privilege and the work product doctrine, not all communications or documents contained in the file are protected. Likewise, the court is not persuaded by the plaintiff's blanket assertion that producing a privilege log will reveal Attorney Kelly's legal theories and strategies pertaining to the representation of the plaintiff in the criminal matter, which are protected as work product. Merely describing the nature of the documents will not necessarily divulge Attorney Kelly's thoughts or theories that may be contained within those privileged documents. The Federal Rules of Civil procedure, the Local Rules and this court's prior decisions, particularly the *Liberty Mutual* case, are quite clear – any document being withheld because it is protected by the attorney/client privilege or as work product must be identified in a privilege log. Consequently, the court finds no reason to quash the subpoena *duces tecum* or to disregard the privilege log requirement.

Accordingly, it is ORDERED

That the plaintiff's motion to quash the subpoena *duces tecum* is DENIED

The plaintiff must fully respond to the subpoena *duces tecum*, including production of any necessary privilege log fully satisfying the requirements of Local Rule 26.1(A)(1)(c)

no later than February 20, 2009.

This the 2nd day of February, 2009.

     /s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE