**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**JESSE TURNER**                                                               **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:08CV49-P-A**

**GRUMPY, LLC, d/b/a SAVE-LOT 6619,
and CITY OF HERNANDO, MISSISSIPPI**                      **DEFENDANTS**

### MEMORANDUM OPINION

This cause is before the Court on defendant City of Hernando's Motion for Summary Judgment [74] and defendant Grumpy, LLC's Motion for Summary Judgment [76]. The Court, having reviewed the motions, the responses, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

### FACTUAL BACKGROUND[1]

On or about March 14, 2006, two men and a woman entered the Save-A-Lot store in Hernando, Mississippi. They approached the customer service center and presented checks to Lisa Carter, Save-A-Lot's office manager. Carter requested identification; each of the individuals complied by producing a driver's license. Carter examined the licenses, compared the photographs to the individuals presenting the checks, and recorded the license numbers on the face of checks.[2] She then cashed the checks for the customers.

---

[1] As is required in ruling on a motion for summary judgment, the facts are stated in the light most favorable to the plaintiff.

[2] The two men identified themselves as Jesse Turner and Raymond Elliott; the woman identified herself as Christine Hegan.

Thereafter, when Save-A-Lot attempted to deposit the checks with its bank, the bank refused to honor them because they were counterfeit. Upon receipt of the returned checks, the store manager, Teddy Ford, instructed Carter to notify the Hernando Police Department of the crime. Carter did so; Officer Dickey Flynn responded to the initial report. When Flynn determined that the incident involved counterfeit checks, he turned the investigation over to a detective, Captain Russell Perry.[3]

Captain Perry met with Carter and questioned her about the incident. At that time, he asked her to provide a written description of the perpetrators; she did so. Carter described Raymond Elliott as an African American, 6'3" to 6'5" tall, weighing approximately 175 lbs. with a medium complexion, short hair, big eyes, a mustache and pock marks. She described Jesse Turner as an African American, 5'9" tall, weighing approximately 250 lbs. with a dark complexion and bushy hair.[4]

As part of his investigation Captain Perry ran the names of the perpetrators (as they appeared on the counterfeit checks) through the National Crime Information Center (NCIC) database. The NCIC report showed only one black male named Jesse Turner in Mississippi; he lived in Batesville, Mississippi–some thirty-eight miles from Hernando. The report likewise showed only one Raymond Elliott in Mississippi.[5]

---

[3] Perry held the rank of lieutenant at the time of the investigation.

[4] Carter's initial description did not disclose Turner's race; she provided that information in response to a follow up question by Captain Perry.

[5] There was no information available for Christine Hegan.

After Captain Perry compared the driver's license photographs with the written descriptions of Turner and Elliott, he decided Carter had confused the description of the two men, e.g. Raymond Elliott better matched Carter's description of Jesse Turner and Jesse Turner better matched Carter's description of Raymond Elliott. Captain Perry did not question Carter about the discrepancy. Instead, he printed out enlarged color copies of Turner and Elliott's driver's license photographs. He showed them to Carter; she identified the two individuals in the photographs as the men who passed the counterfeit checks. Based on Carter's positive identification, Captain Perry signed affidavits against both Turner and Elliott. On April 4, 2006, the magistrate judge issued warrants for the arrest of both men.[6]

On September 7, 2006, Jesse Turner was involved in a minor traffic accident in Sardis, Mississippi. A Sardis police officer responded to the scene and called in Turner's driver's license number as well as that of the other driver. She then informed Turner of the outstanding warrant, placed him under arrest, handcuffed him and transported him to the city jail. Law enforcement authorities transferred him to the Desoto County Jail; Turner bonded out the same day.

The municipal court placed Turner's case on the trial calendar on several occasions; however, it never proceeded to trial. After a number of continuances, the municipal judge remanded the case to the file on January 24, 2007. Turner's attorney later filed a motion to dismiss the charges on grounds that Carter could not identify Turner as the perpetrator; the municipal court granted the motion and dismissed the charges against Turner with prejudice on June 27, 2007.

---

[6] Raymond Elliott was arrested on November 8, 2006; he pled guilty to uttering a forgery on November 15, 2006.

On March 19, 2008, Jesse Turner filed suit against Grumpy, LLC d/b/a Save-Lot 6619 (the company which owns Save-A-Lot) and the City of Hernando, Mississippi. He later amended his complaint to add Captain Andrew Russell Perry as an individual defendant.[7] He seeks recovery under both 42 U.S.C. § 1983 and state law. Defendants filed answers denying liability. After ample opportunity for discovery, the defendants filed motions for summary judgment. The motions have been fully briefed and are ripe for decision.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. Of T. for State C. & U., 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

---

[7] The Court finds no merit to Captain Perry's argument that he is being sued in his official capacity. Accordingly, the Court will construe the claims as filed against him in his individual capacity.

4

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. Phillips Oil Company, v. OKC Corporation, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. Union Planters Nat. Leasing v. Woods, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Topalian, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." John, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a

5

Local Rule of the court mandating such for failure to respond to an opposed motion. Id. at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. See also Union Planters Nat. Leasing v. Woods, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (Topalian, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." John, 757 F.2d at 712, quoting Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980).

LEGAL ANALYSIS

Turner's complaint seeks recovery under § 1983[8] against the City of Hernando and Captain

---

[8] The statute provides:

Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

Perry (the "municipal defendants") in his individual capacity for an alleged violation of his rights under the Fourth and Fourteenth Amendments. His complaint also asserts claims against said defendants pursuant to the Mississippi Tort Claims Act. In addition to his claims against the municipal defendants, Turner seeks recovery against defendant Grumpy, LLC under § 1983 and state tort law. The defendants seek summary judgment on each of plaintiff's claims; the Court will address each claim in turn.

I.  Claims against the City of Hernando and Captain Perry

    A.  § 1983 Claims against Captain Perry in his Individual Capacity

Turner seeks recovery against Captain Perry for illegal arrest. In order to avoid summary judgment, Turner must demonstrate an absence of probable cause for his September 7, 2006 arrest. Lewis v. Goodie, 798 F. Supp. 382, 389 (W.D. La. 1992). "Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to cause a person of reasonable caution to believe an offense has been or is being committed." U.S. v. Antone, 753 F.2d 1301, 1304 (5th Cir. 1985). In short, there need be only a "fair probability that a crime occurred." United States v. Nunez-Sanchez, 478 F.3d 663, 666 (5th Cir. 2007). Moreover, "the requisite 'fair probability' is something more than a bare suspicion, but need not reach the fifty percent mark." Id.

Captain Perry maintains this threshold is easily met. He based his decision to seek Jesse Turner's arrest on the positive identification provided by Ms. Carter. An arrest based on a victim's positive identification is presumptively valid. Nash v. State, 207 So.2d 104 (Miss. 1968). The

---

    equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Seventh Circuit noted in McKinney v. George: "If policemen arrest a person on the basis of a private citizen's complaint that if true would justify the arrest, and they reasonably believe it is true, they cannot be held liable for a violation of the Constitution merely because it later turns out that the complaint was unfounded." 726 F.2d 1183, 11876 (7th Cir. 1984). See also Daniels v. U.S., 393 F.2d 359, 361 (D.C. Cir. 1968)(officers have probable cause to arrest if they have "information from some person–normally the putative victim or eyewitness–who it seems reasonable to believe is telling the truth").

Moreover, Turner's arrest was pursuant warrant issued by the municipal court judge. In such a case, "if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party." Smith v. Gonzalez, 670 F.2d 522, 526 (5th Cir. 1982); accord Metro Charities, Inc. v. Moore, 748 F. Supp. 1156, 1165 (S.D. Miss. 1990). The judge's decision to issue the warrant, like Captain Perry's decision to seek Turner's arrest, was wholly founded on Carter's identification of Turner as one of the perpetrators.

Turner's opposition attempts to deflect attention away from Carter's positive identification of him as one of the two men who passed counterfeit checks. Instead, using a scattershot approach, he points to the discrepancies between her written description and his drivers license photograph, her purported inability to positively identify him at the time of her deposition more than three years after the crime and alleged deficiencies in Captain Perry's investigation.[9] None of the attacks is sufficient to call into question the existence of probable cause.

---

[9] Turner complains of Captain Perry's failure to question Carter about whether she may have confused her description of the two men, his failure to use a photographic array and his failure to retain certain documents in the case file.

Ms. Carter's identification of Turner based on his drivers' license photograph confirmed Captain Perry in his belief that she had mismatched the names in her prior description of the men. Moreover, her positive identification obviated any need to rely on the written description in the warrant request.[10] Finally, Ms. Carter's alleged uncertainty in identifying Turner at the time of her deposition is irrelevant to the probable cause inquiry, as is speculation concerning what information Captain Perry <u>might</u> have unearthed had he conducted his investigation differently.[11] Because the plaintiff failed to come forward with sufficient evidence to demonstrate a triable issue of fact as to probable cause, Captain Perry is entitled to judgment as a matter of law on Turner's § 1983 claim against him.

    B.    § 1983 and Municipal Liability under <u>Monell</u>

Turner's inability to demonstrate a triable issue of fact as to his claim for false arrest dictates the dismissal of his claim against the City of Hernando as well. Notwithstanding that failure, however, the record is devoid of any evidence from which a reasonable trier of fact could conclude that a City policy caused his alleged constitutional injury.[12] This too requires dismissal of plaintiff's federal claim against the municipality.

---

[10] It was thus unnecessary for Captain Perry to disclose his belief that Carter had confused her description of the two men to the judge who signed the warrant application. Hence, plaintiff cannot establish "'[a]ny misdirection of the magistrate . . . by omission or commission'" so as to "'taint' the deliberations of the independent intermediary and keep the chain of causation intact." <u>Peters v. City of Biloxi</u>, 57 F. Supp.2d 366, 371 (5th Cir. 1999)(citations omitted).

[11] Probable cause must be adjudged based on the information available at the time in question.

[12] To recover against the City of Hernando, Turner must demonstrate he suffered a constitutional injury as a direct result of a municipal policy or custom. <u>City of Canton v. Harris</u>, 489 U.S. 378, 109 S. Ct. 1197, 1203 (1989).

C. Claims Under the MTCA

Plaintiff's amended complaint also alleges a state law negligence claim under the Mississippi Tort Claims Act. The municipal defendants seek summary judgment as to this claim based on Turner's failure to comply with the statutory notice requirement as set forth in <u>Mississippi Code Annotated</u> § 11-46-11. Turner concedes this aspect of defendants' motion; accordingly, no further discussion is necessary.

II. Claims against Grumpy, LLC

Turner seeks recovery against Grumpy, LLC pursuant to both § 1983 and state law based on said defendant's reporting of and involvement in the counterfeit check investigation. Grumpy, LLC now seeks summary judgment on each of plaintiff's claims against him.

A. §1983 Claims

Inasmuch as defendant concedes Grumpy, LLC's entitlement to judgment as a matter of law on the § 1983 claim, no analysis on that issue is necessary.

B. State Law Claims

1. Negligence

As stated in his amended complaint, Turner alleges:

> On an unknown date, an unknown person presented to Save-A-Lot a check drawn on Walgreens, and made out only to "Jesse Turner." Acting negligently, a clerk of Save-A-Lot apparently cashed the check and gave the proceeds to the unknown person. Through negligence, no adequate identification was made, and it was never determined who this "Jesse Turner" was, or that he worked for Walgreens or had any reason to possess a Walgreens check.

Second Amended Complaint at p. 2.

In support of its dispositive motion, Grumpy, LLC urges that it was under no no duty to plaintiff ferret out the counterfeit check fraud prior to its commission, thereby avoiding his subsequent arrest on charges of uttering a forgery. Turner's only response is to maintain that the defendant cited no authority in support of its position. Unfortunately for plaintiff, the converse is equally true. Under the circumstances, the Court declines to recognize such a duty. Grumpy, LLC is, therefore, entitled to judgment as a matter of law as to this aspect of Turner's negligence claim.

As for Turner's additional claim that Grumpy, LLC, by and through its employee, Lisa Carter, acted negligently in causing an affidavit to issue against him, thereby resulting in his arrest for the crime of uttering a forgery, Grumpy, LLC likewise avers that simple misidentification of a criminal perpetrator does not give rise to civil liability under Mississippi law. In Jones v. Autry, District Judge Tom S. Lee of the Southern District of Mississippi endorsed this position, noting that "[t]he law allows a wide latitude for honest action on the part of the citizen who purports to assist public officials in their task of law enforcement." 105 F. Supp.2d 559, 560-62 (S.D. Miss. 2000)(citing Downtown Grill, Inc. v. Connell, 721 So.2d 1113, 1117 (Miss. 1998). Furthermore, the Mississippi Supreme Court has since expressly recognized that a "simple negligence claim survives only in the form of [a] malicious prosecution claim." McGuffie v. Herrington, 966 So.2d 1274, 1278 (Miss. 2007). Grumpy, LLC is entitled to summary judgment with regard to plaintiff's negligent misidentification claim.

2. Malicious Prosecution

Turner also asserts a claim of malicious prosecution against Grumpy, LLC. In order to prevail on such a theory of recovery, a claimant must prove each of the following elements: 1) criminal proceedings were instituted against him; 2) by, or at the insistence of, the defendant; 3) the

proceedings terminated in plaintiff's favor; 4) there was malice on the part of the defendant in instituting the proceedings; 5) probable cause was lacking for the proceedings against the plaintiff; and 6) the plaintiff suffered damages as a result of the prosecution. Van v. Grand Casinos of Miss., Inc., 724 So.2d 889, 891 (Miss. 1998). If Turner fails to adduce significant probative evidence as to even one of the foregoing elements, summary judgment is appropriate.

Though Grumpy, LLC avers that Turner is incapable of demonstrating a triable issue of fact as to several elements of his malicious prosecution claim, it is his inability to offer any probative evidence tending to establish that Grumpy, LLC was responsible for the institution of criminal proceedings against him which is conclusive. In order to establish a genuine issue of material fact on this point, Turner must come forward with evidence that Grumpy, LLC was "the proximate and efficient cause of maliciously putting the law in motion in the original proceedings." Benjamin v. Hooper Electronic Supply Co., Inc., 568 So.2d 1182, 1188 (Miss. 1990)(citations omitted). Furthermore, before liability may be imposed, "there must be some affirmative action by way of advice, encouragement, pressure, etc., in the institution, or causing the institution of the prosecution, or in affirmatively encouraging its continuance after it has been instituted." Id.

In the instant case, Grumpy, LLC's only involvement in the matter was to report the crime to the Hernando Police Department and to cooperate in the subsequent investigation. Although Lisa Carter provided Captain Perry with information and a description of the perpetrators, Captain Perry's testimony clearly establishes that its was his independent investigation which led him to the photographs of the two men he later showed her for purposes of identification. After she identified the two men from the photographs, Captain Perry had no further contact with her or anyone else at the grocery store. He exercised his sole discretion in executing the affidavit for the arrest of Turner

12

and Elliott and in securing a warrant. The record is clear that Grumpy, LLC depended entirely on the police regarding how the investigation was to be conducted, and whether an arrest and/or prosecution resulted therefrom. Because Grumpy, LLC was not responsible for the institution of criminal proceedings against Turner, it cannot be civilly liable.

## CONCLUSION

Based on the foregoing facts and analysis, the Court finds that defendant City of Hernando's Motion for Summary Judgment [74] and defendant Grumpy, LLC's Motion for Summary Judgment [76] are well-taken and should be granted.

This, the 11th day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE